```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA              CRIMINAL ACTION

VERSUS                                NO. 10-304; 10-313; 10-318

CHARLES H. WEGMANN, III               SECTION "B"(1)
```

                         ORDER AND REASONS

Defendant Charles Henry Wegmann, III seeks to vacate his sentence of 136 months following his plea of guilty to bank fraud, aggravated identity theft, access device fraud, and passport fraud. For the reasons articulated below, **IT IS ORDERED** that Wegmann's three identical Motions to Vacate filed in the above captioned cases (Case No. 10-304, Rec. Doc. No. 72; Case No. 10-313, Rec. Doc. No. 34; Case No. 10-318, Rec. Doc. No. 37) are **DENIED**.

**Facts and Procedural History**

Wegmann was indicted in two separate two-count indictments in the District of Columbia and the Eastern District of Virginia, respectively. Those jurisdictions subsequently transferred their cases to this Court, where a separate bill of information had been filed. Wegmann thereafter pled guilty with counsel to all charges in all three cases pursuant to a single plea agreement.

1

The plea agreement was five pages in length and signed by the government, Wegmann, and Wegmann's trial counsel. *See* (Rec. Doc. No. 37).[1] The agreement articulated the maximum penalty for each offence (*Id.* at 2). It also stated:

> [T]he defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Section 1291, and by Title 18, United States Code, Section 3742. The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Subject to the foregoing, the defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.
>
> (*Id.* at 3).

Before the Court accepted Wegmann's guilty plea it engaged in a colloquy with him to ensure he understood the consequences of pleading guilty. Among other things, the Court informed Wegmann that he would give up his right to appeal by pleading guilty, stating:

> THE COURT: You would also be giving up your right to appeal any judgment or conviction or sentence after trial unless you're pleading guilty without the benefit of some Plea Agreement. Again, if you have a Plea Agreement and that Plea Agreement says you waive your right to appeal the conviction or sentence as a result of your guilty plea, then the only right of appeal would be to appeal an illegal

---

[1] All record cites contained herein refer to Case No. 10-304.

>sentence. Do you understand what it means to give up the right to appeal your sentence?
>THE DEFENDANT: Yes, Your Honor, I do.

(Rec. Doc. No. 53 at 19).

Following Wegmann's plea, a Presentence Report (PSR) was prepared. Wegmann's trial counsel thereafter filed three objections to the PSR concerning the amount of loss and the use of the vulnerable victim enhancement. The PSR was then revised to include a lower loss amount and a lower offense level. (Rec. Doc. No. 43 at 38). The Court subsequently sentenced Wegmann to 64 months as to the bank fraud and access device fraud counts, to run concurrently with each other, and 24 months as to each of the aggravated identity theft counts, to run consecutively to each other and all other counts, for a total of 136 months. (Rec. Doc. No. 48 at 2).

The Fifth Circuit Court of Appeals affirmed Wegmann's conviction. *United States v. Wegmann*, 478 Fed. Appx. 908, 2012 WL 2602380 (C.A. 5 (La.)). The United States Supreme Court denied Wegmann's petition for writ of certiorari. *Wegmann v. United States*, 133 S. Ct. 560 (2012). Wegmann thereafter filed identical motions to vacate in each of the three cases. The United States concedes the motions are timely. *See* (Rec. Doc. No. 75 at 7).

**Claims in Instant Motions**

Wegmann raises seven grounds for relief in the instant motions: (1) Ineffective assistance of counsel regarding the appeal waiver; (2) The Court's failure to adhere to Federal Rule of Criminal Procedure 11(b)(1)(N); (3) The Court's denial of Wegmann's motion to continue sentencing; (4) Ineffective assistance of counsel for failure to object to the untimeliness of the PSR; (5) Ineffective assistance of counsel for failure to raise arguments against the application of USSG 3A1.1; (6) Ineffective assistance of counsel for failure to raise arguments against the application of USSG 5G1.2; and (7) Ineffective assistance of counsel on appeal for failure to raise arguments on the Court's sentence of imprisonment for purposes of rehabilitation.

**Analysis**

**I. Appellate Waiver**

Federal Rule of Criminal Procedure 11(b)(1)(N) requires that before the court accepts a guilty plea it must inform the defendant of "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."

Here, the Court informed Wegmann that by pleading guilty he would be giving up his "right to appeal any judgment or conviction or sentence after trial" and that, subject to the

4

plea agreement Wegmann signed, "the only right of appeal would be to appeal an illegal sentence." (Rec. Doc. No. 53 at 19). When asked if he understood, Wegmann responded "[y]es, Your Honor, I do." (*Id.*)

The Court's colloquy more than satisfies the requirements of 11(b)(1)(N), and demonstrates that Wegmann's waiver was informed and voluntary. *See United States v. Gonzalez*, 259 F.3d 355, 358 (5th Cir. 2001); *United States v. Oliver*, 630 F.3d 397, 412 (5th Cir. 2011) (even where court did not read waiver from plea agreement to defendant, colloquy was enough to establish defendant understood consequences of waiver). As the Fifth Circuit stated in its opinion denying Wegmann's related claim on direct appeal:

> Wegmann is a highly educated person who was represented by counsel. He acknowledged to the district court that he understood his plea agreement and does not now assert otherwise. He raised no questions about the appellate waiver. . . . We hold him to his bargain.
>
> *United States v. Wegmann*, 478 F. App'x 908, 909–10 (5th Cir. 2012).

## II. Denial of Motion to Continue Sentencing

Wegmann next claims the Court erred when it refused to continue the sentencing hearing upon a request from Wegmann's trial counsel. The Fifth Circuit in its review found that Wegmann's appellate waiver barred consideration of this claim.

*Wegmann*, 478 F. App'x at 909. The Court is bound by that holding here.

### III. Ineffective Assistance of Counsel

The Sixth Amendment guarantees not only the right to counsel, but also the right to "effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to establish that counsel was ineffective – entitling a defendant to post-conviction relief – a reviewing court is guided by a two-pronged test. *Id.* at 687. Failure to establish either prong is fatal to an ineffective assistance of counsel claim. *Crutsinger v. Stephens*, 540 F. App'x 310, 313 (5th Cir. 2013).

First, the defendant must show that counsel's performance was deficient. *Strickland*, 466 U.S. at 686. Under this prong, counsel's conduct is measured by "an objective standard of reasonableness under prevailing professional norms." *Neville v. Dretke*, 423 F.3d 474, 482 (5th Cir. 2005).

Second, the defendant must show that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 686. It is not enough to establish that counsel's actions were improper, rather "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Id.* at 694.

Wegmann contends that his counsel at trial and on appeal were ineffective in several respects. As already noted, Wegmann's appeal waiver in his plea agreement limited his ability to raise ineffective assistance of counsel claims to instances where the ineffectiveness "directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself." (Rec. Doc. No. 37 at 3).[2] Accordingly, the Court may only review Wegmann's ineffective assistance of counsel claims insofar as they relate to the waiver of appeal and collateral challenge rights, or the plea's validity. Since several of Wegmann's claims attack counsel's effectiveness separate and apart from the plea waiver, the Court is unable to reach the merits of those claims.[3]

---

[2] The Fifth Circuit has approved this type of waiver, and held that it may validly waive all post-conviction rights not reserved – including claims that counsel was ineffective at proceedings after the waiver was signed, i.e. at sentencing. *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002).

[3] Further, to the extent that Wegmann challenges appellate counsel's ineffectiveness for not raising additional issues on appeal, the Fifth Circuit held that all issues not concerning the appeal waiver were barred from consideration on appeal. *Wegmann*, 478 F. App'x at 909. Accordingly, it would have been fruitless for appellate counsel to raise further issues on appeal – since they likewise would have been barred by the waiver. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

The ineffective claim alleges that trial counsel did not adequately explain the appeal waiver to Wegmann. According to Wegmann, trial counsel presented him with the plea documents shortly before the rearraignment hearing, and had him sign them in open court while the proceeding was ongoing. (Rec. Doc. No. 72 at 78-80). He contends that he did not realize the document relinquished his appellate rights, and that he first learned of the appellate waiver in an email from counsel following the hearing. (*Id.* at 80).

As noted above the Court ensured that Wegmann understood the plea, its ramifications, and the effect on his appellate rights. The Court specifically stated the possibility of Wegmann's plea agreement waiving his right to appeal, and Wegmann responded that he understood the rights could be forfeited. (Rec. Doc. No. 53 at 19). Further, as the Fifth Circuit already held on Wegmann's direct appeal, he was capable of understanding the plea agreement he signed. *Wegmann*, 478 F. App'x at 909-10. Thus, even assuming trial counsel's explanation was insufficient to advise him of his rights, the lack of an explanation did not "directly affect[] the validity of that waiver or the plea itself," *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002), and therefore did not prejudice Wegmann, especially in light of Wegmann's responses to the

8

Court's questions on that subject during the Rule 11 proceedings.

Accordingly, for the reasons articulate above, **IT IS ORDERED** that Wegmann's three identical Motions to Vacate filed in the above captioned cases (Case No. 10-304, Rec. Doc. No. 72; Case No. 10-313, Rec. Doc. No. 34; Case No. 10-318, Rec. Doc. No. 37) are **DENIED**.

New Orleans, Louisiana, this 2nd day of July 2014

_____
UNITED STATES DISTRICT JUDGE